FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 09, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GIOVANNA SIERRA CARRILLO,<br><br>Defendants. | Nos. 4:25-CR-06033-MKD-2<br><br>ORDER FOLLOWING DETENTION REVIEW HEARING<br><br>**MOTION DENIED**<br>     **(ECF No. 82)** |

On January 6, 2026, the Court held a detention review hearing to consider Defendant GIOVANNA SIERRA CARRILLO's Motion to Modify Conditions of Release. **ECF No. 82**. Defendant appeared out of custody represented by Assistant Federal Defender Craig Webster. Assistant U.S. Attorney Courtney Pratten represented the United States. U.S. Probation Officer Maria Balles was also present.

### I.    MOTION TO MODIFY CONDITIONS OF RELEASE

Defendant seeks to modify Special Conditions 8 and 10. ECF No. 82; ECF No. 53 at 12-16. U.S. Probation does not oppose modification of Defendant's conditions of release. The United Statesdoes oppose the requested modifications.

Specifically, Defendant requests modification of Special Condition No. 8, requiring Defendant's home detention, and Special Condition No. 10, restricting Defendant's access to internet access. Defendant requests Special Condition No. 8 be modified to lift her home detention and instead require a 9:00 p.m. curfew.

ORDER - 1

ECF No. 82 at 2-3. Defendant requests Special Condition No. 10 to be modified to allow her to use/access the internet for the limited purposes of monitoring her child's school progress and communicating with her child's school. *Id*.

Defendant, through counsel, noted her compliance on pretrial supervision to date, with no violations, and proffered U.S. Probation's position in support of her request for modification.

The United States opposed any modification of Defendant's conditions of release and proffered newly obtained information regarding Defendant's potential violation of the conditions of her pretrial release. The United States offered the testimony of Special Agent Thomas Eckert, one of the case agents investigating Defendant's case. Special Agent Eckert testified to recently receiving information from an attorney who relayed to Agent Eckert that the attorney's client had disclosed Defendant attempted to improperly solicit a recruitment fee from potential workers in Mexico in exchange for assisting them in coming to the United States under an H-2A Visa. Special Agent Eckert testified he had not yet interviewed the witness but intends to do so.

The Court reviewed and considered: the proffers and arguments of counsel; the testimony of Special Agent Eckert; the Indictment, ECF No. 1; the Government's Motion for Detention, ECF No. 35; the Pretrial Services Report, ECF No. 34; the Supplemental Pretrial Services Report, ECF No. 48; the Order Denying the United States' Motion for Detention and Setting Pretrial Conditions of Release, ECF No. 53; and Defendant's Motion to Modify Conditions of Release, ECF No. 82.

## II.  PRIOR DETENTION HEARING

The Court previously held a detention hearing on October 24, 2025. ECF No. 53. In the Order Denying the United States' Motion for Detention and Setting

ORDER - 2

Pretrial Conditions of Release, the Court determined that a basis existed for the Court to hold a detention hearing pursuant to 18 U.S.C. § 3142(f)(2) and considered the detention factors set forth in 18 U.S.C. § 3142(g). ECF No. 53. The Court then held:

> Due to Defendant's seemingly secondary role in the scheme, length of time since the alleged conduct, and ties to the community, there are conditions that can be fashioned to mitigate Defendant's risk of danger to the community…the Court finds that the United States has not established the required preponderance of evidence an absence of conditions or combination of conditions of release that would reasonably assure Defendant's appearance as required. Furthermore, the United States has not established by clear and convincing evidence that Defendant poses a present risk to the safety of other persons or the community that cannot be mitigated by conditions or a combination of conditions of release. However, Defendant is advised that there will be no tolerance for violations of the Court's conditions.

ECF No. 53 at 9-10. The Court incorporates by reference the entirety of the analysis and findings set forth in the Order Denying the United States' Motion for Detention and Setting Pretrial Conditions of Release, ECF No. 53.

### III.   ORDER

The Court may modify conditions of pretrial release pursuant to 18 U.S.C. § 3142(c)(3). Specifically, "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release." *Id*. The district court may also modify conditions of release on review of this Court's release order (or detention order) pursuant to 18 U.S.C. § 3145.

The Court has fully reviewed and considered: the proffers and arguments of counsel; the testimony of Special Agent Eckert; the Indictment, ECF No. 1; the Government's Motion for Detention, ECF No. 35; the Pretrial Services Report, ECF No. 34; the Supplemental Pretrial Services Report, ECF No. 48; the Order Denying the United States' Motion for Detention and Setting Pretrial Conditions of

ORDER - 3

Release, ECF No. 53; and Defendant's Motion to Modify Conditions of Release, ECF No. 82. Pursuant to 18 U.S.C. § 3142, the Court has also considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g).

On the record, facts and proffers before the Court, specifically the new allegation of a serious violation of the Court's previously imposed conditions of pretrial release, Defendant has failed to provide adequate information to support a modification of the conditions of release at this time. Accordingly, for the reasons stated during the hearing, Defendant's Motion to Modify Conditions of Release, **ECF No. 82**, is denied with leave to renew.

**IT IS ORDERED:**

1. Defendant's Motion to Modify Conditions of Release, **ECF No. 82,** is **DENIED WITH LEAVE TO RENEW**.

2. The previously entered conditions of pretrial release as set forth in the Court's Order Denying the United States' Motion for Detention and Setting Pretrial Conditions of Release, ECF No. 53, remain in full force and effect.

3. <u>**A status hearing is scheduled for January 29, 2026, at 1:30 p.m., before the undersigned in Richland, Washington.**</u> At the status hearing, the Court will consider the following:

ORDER - 4

      a.      The Government shall update the Court regarding its investigation of allegations that Defendant violated the conditions of her pretrial release by engaging in conduct in violation of law as alleged during the January 6, 2025 hearing;

      b.      Defendant may renew her Motion to Modify Conditions of Release, **ECF No. 82**.

    4.    If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release.  The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  **Motions in Yakima and Spokane cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

    5.    If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order

ORDER - 5

Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED January 9, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 6